**O**

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VAIVASE TUIMALEALIIFANO; LEMUSU TUIMALEALIIFANO, | ) ) | Case No. CV 11-06106 DDP (MRWx) |
| Plaintiffs, | ) ) ) | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | ) ) | |
| FIRST MAGNUS FINANCIAL GROUP; COMMUNITY BANK OF NEVADA; AURORA LOAN SERVICES; DOES 1 through 50, | ) ) ) ) ) | [Docket No. 4] |
| Defendants. | ) ) ) | |

This matter comes before the court on a motion to dismiss filed by Defendant Aurora Loan Services LLC ("Defendant"). After reviewing the materials submitted by the parties and considering the arguments therein, the court GRANTS the motion and adopts the following order.

I.   BACKGROUND

On September 23, 2005, Plaintiff Vaivase Tuimalealiifano ("Plaintiff") obtained a loan from Defendant First Magnus Financial Group, secured by a deed of trust on the subject property at 172 W. Market St., Long Beach, CA 90805 ("Property"). (Def.'s Req. for

1  Judicial Notice in Supp. of Mot. to Dismiss ("RJN"), Ex. 1 at 4.)
2  On October 9, 2009, Quality Loan Service Corp. ("Quality Loan")
3  recorded a notice of default on the loan.  (RJN, Ex. 2.)  On
4  January 12, 2010, Quality Loan recorded a Notice of Trustee's Sale
5  for the Property, noticing a sale on February 1, 2010.  (RJN, Ex.
6  3.)

7      Plaintiffs allege that Defendant acquired the Property at a
8  March 1, 2010 trustee's sale, but then executed a Notice of
9  Rescission of Trustee's Deed Upon Sale - ostensibly based on "the
10  filing of Bankruptcy by [Plaintiff]," which Plaintiffs claim never
11  happened.  (Compl. ¶¶ 28-30.)  Afterwards, Defendant allegedly
12  entered into a HAMP Trial Payment Plan with Plaintiff, as well as a
13  subsequent "repayment (forbearance) plan."  According to
14  Plaintiffs, Defendant refused to convert the trial payment plan
15  into a permanent modification, despite Plaintiff's making the
16  required payments.  (Compl. ¶ 31.)  The Property ultimately
17  reverted to Defendant at a trustee's sale on November 18, 2010.
18  (RJN, Ex. 4.)

19      On April 22, 2011, Plaintiffs brought suit against Defendants
20  in state court, asserting sixteen causes of action and seeking
21  rescission, damages, and other relief, based on alleged misconduct
22  by Defendants throughout the loan origination, modification, and
23  foreclosure process.  On July 25, 2011, Defendant removed the
24  action to federal court, based on subject matter, supplemental, and
25  diversity jurisdiction.  (Notice of Removal ¶¶ 4-11.)  Defendant
26
27
28

1  then filed this Motion to Dismiss Plaintiffs' Complaint on August

2  1, 2011, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

3  **II.   LEGAL STANDARD**

4       Pursuant to Federal Rule of Civil Procedure 12(b)(6), a

5  complaint is subject to dismissal when the plaintiff's allegations

6  fail to state a claim upon which relief can be granted.  When

7  considering a 12(b)(6) motion to dismiss for failure to state a

8  claim, "all allegations of material fact are accepted as true and

9  should be construed in the light most favorable to [the]

10 plaintiff." Resnick v. Hayes, 213 F.3d 433, 447 (9th Cir. 2000).

11      In Ashcroft v. Iqbal, the Supreme Court explained that a court

12 considering a 12(b)(6) motion should first "identify[] pleadings

13 that, because they are no more than conclusions, are not entitled

14 to the assumption of truth."  129 S. Ct. 1937, 1950 (2009).  Next,

15 the court should identify the complaint's "well-pleaded factual

16 allegations, . . . assume their veracity and then determine whether

17 they plausibly give rise to an entitlement to relief." Id.; see

18 also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009)

19 ("In sum, for a complaint to survive a motion to dismiss, the non-

20 conclusory factual content, and reasonable inferences from that

21 content, must be plausibly suggestive of a claim entitling the

22 plaintiff to relief."  (internal quotation marks omitted)).

23 **II. DISCUSSION**

24      Defendant seek to dismiss Plaintiffs' claims on a number of

25 grounds, including Plaintiff's failure to tender, relevant statutes

26 ────────────────

27      [1] Defendant also seeks to strike portions of Plaintiffs'
   complaint pursuant to Rule 12(f).  Because the court grants
28 Defendant's Motion to Dismiss, it is not necessary to address this
   additional request.

1  of limitations, and Defendant's non-involvement in the loan's

2  origination.  Plaintiffs respond by requesting leave of the court

3  to amend their complaint.

4       Plaintiffs filed their initial, sixty-nine page complaint in

5  pro per.  The complaint is difficult to understand and provides few

6  specific facts.  Instead, it largely lists statutes and

7  definitions, with generalized and conclusory allegations.  The

8  complaint therefore fails to meet the minimum pleading requirements

9  of Rule 8 of the Federal Rules of Civil Procedure.  See, e.g., Bell

10 Atl. Corp. v. Twombly, 550 U.S. 544, 553-55 (2007); Bautista v.

11 L.A. County, 216 F.3d 837, 840 (9th Cir. 2000); Yamaguchi v. U.S.

12 Dep't of the Air Force, 109 F.3d 1475, 1481 (9th Cir. 1997).  To

13 the extent Plaintiffs allege fraud on the part of Defendants, they

14 also fail to meet the more stringent requirements of Rule 9(b).

15 See, e.g., Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th

16 Cir. 2003); Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997).

17 The court therefore dismisses Plaintiffs' complaint on these

18 grounds.

19      The court is not convinced, however, that all of Plaintiffs'

20 claims - if properly plead - would fail as a matter of law.  In

21 particular, Plaintiffs appear to allege that: (1) Defendants

22 entered into a loan modification agreement; (2) Plaintiffs then

23 made the required payments; but (3) Defendants still foreclosed on

24 the Property, in violation of the modification agreement.[2]  (Compl.

25 ¶ 31.)  Depending on the specific facts, Plaintiffs might thereby

26

27      [2] According to Plaintiffs' Opposition to Defendant's Motion,
28 Plaintiff made the required payments on both the HAMP Trial Payment
   Plan and repayment (forbearance) plan.  (Opp. at 3:20-25.)

4

1  make out a claim for relief that would not be time-barred or

2  subject to the tender requirement.  <u>See, e.g.</u>, <u>Aceves v. U.S. Bank,</u>

3  <u>N.A.</u>, 192 Cal. App. 4th 218, 225-31 (2011); <u>Wolf v. Wells Fargo</u>

4  <u>Bank, N.A.</u>, No. C11-01337, 2011 WL 4831208 at *4, *7-10 (N.D. Cal.

5  Oct. 12, 2011); <u>Park v. U.S. Bank Nat'l Ass'n</u>, No. 10cv1546, 2011

6  WL 4102211 at *9-12, *15 (S.D. Cal. Sept. 13, 2011); <u>Esoimeme v.</u>

7  <u>Wells Fargo Bank</u>, No. CIV S-10-2259, 2011 WL 3875881 at *12 (E.D.

8  Cal. Sept. 1, 2011); <u>Das v. WMC Mortgage Corp.</u>, No. C10-0650, 2010

9  WL 4393885 at *2-3, *5-7 (N.D. Cal. Oct. 29, 2010); <u>Del Valle v.</u>

10 <u>Mortgage Bank of Col.</u>, No. CV-F-09-1316, 2010 WL 1813505 at *6, *9

11 (E.D. Cal. May 5, 2010); <u>Vissuet v. Indymac Mortgage Servs.</u>, No.

12 09-CV-2321, 2010 WL 1031013 at *4 (S.D. Cal. March 19, 2010);

13 <u>Yamamoto v. Bank of N.Y.</u>, 329 F.3d 1167, 1171 (9th Cir. 2003).

14      Accordingly, it is not clear that Plaintiffs are unable cure

15 the deficiencies in their complaint - especially given that

16 Plaintiffs now appear to be represented by counsel, who filed the

17 opposition to Defendant's motion to dismiss.  <u>See Hubbard v. Bank</u>

18 <u>of Am.</u>, No. 10-3094, 2011 WL 2470021 (D. Or. Apr. 21, 2011) ("A pro

19 se litigant should be given leave to amend his complaint unless it

20 is absolutely clear that no amendment could cure the deficiencies

21 of the complaint." (citing <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31

22 (9th Cir. 2000) (en banc); <u>Barrett v. Belleque</u>, 544 F.3d 1060,

23 1061-62 (9th Cir. 2008) (per curiam)).

24      The court reminds Plaintiffs and their counsel, however, that

25 opportunities to amend are not limitless, and that the court will

26 not sift through statutory recitations and general allegations.

27 Plaintiffs must allege specific facts sufficient to make out claim

28

1    for relief, bearing in mind the legal defenses raised by Defendant,

2    which often preclude many foreclosure-related claims and relief.

3    **III. CONCLUSION**

4         For the foregoing reasons, the court GRANTS Defendants' motion

5    to dismiss without prejudice.  Plaintiffs shall file a first

6    amended complaint within 20 days of the date of this order.

7

8    IT IS SO ORDERED.

9

10

11   Dated: October 28, 2011

12                                         DEAN D. PREGERSON
                                           United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28